IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Eduardo Romero Mejia,<br><br>  Plaintiff,<br>v.<br><br>Geoffrey Kirk, et al,<br><br>  Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00542-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiff, Eduardo Romero Mejia, who is proceeding pro se, brings this action alleging violations of the Fourth Amendment, Fourteenth Amendment, the Utah Constitution, and false imprisonment.[1] Mr. Mejia's claims arise from an alleged improper traffic stop. In October 2022, the parties agreed to dismiss all causes of action except the Fourth Cause of Action for malicious prosecution under the Fourth and Fourteenth Amendments.[2]

On July 19, 2023, Defendants filed a Motion for Summary Judgment on the remaining cause of action. Defendants argue Plaintiff's claim for malicious prosecution fails for two reasons. First, qualified immunity applies barring his claim. And second, Mr. Mejia cannot demonstrate the officers lacked probable cause to arrest him on suspicion of driving under the influence of marijuana. Plaintiff failed to file any opposition to Defendants' motion and on September 8, 2023, the court entered an Order to Show Cause.[3] In the Order to Show Cause, the court ordered Plaintiff to show cause why Defendants' motion should not be granted, and this matter dismissed. The court ordered Mr. Mejia to respond within 15 days and warned Plaintiff

---

[1] The matter is referred to the undersigned from Judge Dale A. Kimball pursuant to 28 U.S.C. 636(b)(1)(B).

[2] ECF No. 14, and 15.

[3] ECF No. 22.

that a failure to respond will result in a recommendation that Defendants' motion be granted, and this case dismissed. Because Plaintiff is proceeding pro se, the court afforded Mr. Mejia more time to respond than set forth in the Order to Show Cause. As of this date, however, Plaintiff has not responded to either the court's Order to Show Cause or Defendants' Motion for Summary Judgment.

Plaintiff's failure to comply with the court's order to show cause warrants dismissal of this case. The court has the inherent power to dismiss a case sua sponte for failure to prosecute or for failure to comply with a court order.[4] Plaintiff failed to comply with the court's Order to Show Cause and has failed to respond to Defendants' motion. Plaintiff's "pro se status does not relieve him from complying with the court's procedural requirements" including the need to prosecute this matter.[5] For these reasons the undersigned recommends that this matter be dismissed without prejudice.[6]

## RECOMMENDATION

Based upon the Plaintiff's failure to respond to the court's Order to Show Cause and actively prosecute this matter, the undersigned recommends that this matter be DISMISSED without prejudice and Defendants' motion be deemed moot.

---

[4] *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute....").

[5] *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006); *see also Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir.1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[6] Under the Local Rules when a party fails to file a timely response to a motion for summary judgment, "the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law." DUCivR 56-1(f); *see also* DUCivR 7-1(f) ("Failure to Respond. Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice."). Given Plaintiff's pro se status the undersigned elects to not consider whether Defendants are entitled to dismissal pursuant to Local Rule 56-1(f).

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12 October 2023.

_____
Dustin B. Pead
United States Magistrate Judge